## Donald URRUTIA

v.

HARRISBURG COUNTY POLICE DEPT.; Sean McCormack, Asst. D.A.; Denis Thomason, Donald Urrutia, Appellant.

No. 95–3427.

United States Court of Appeals, Third Circuit.

Submitted Under 3rd Cir. Rule LAR 34.1(a) March 1, 1996.

Decided July 29, 1996.

452

Donald Urrutia, Somerset SCI, Somerset, PA, pro se.

Before: BECKER, McKEE, and WEIS, Circuit Judges.

## OPINION OF THE COURT

BECKER, Circuit Judge.

This is an appeal by plaintiff, Donald Urrutia, from an order of the district court dismissing his civil rights complaint, 42 U.S.C. § 1983, as legally frivolous pursuant to 28 U.S.C. § 1915(d), and denying him the opportunity to amend his complaint to correct the defects. The § 1915(d) determination can be prolonged because the matter often goes first to a magistrate judge, who reviews the pleadings and makes a recommendation to the district judge. The principal question presented by the appeal is whether the 120 day period of Fed.R.Civ.P. 15(c)(3) for satisfying the requirements for relation back of an amendment that changes or adds a party is suspended while the district court considers the § 1915(d) question so that the amendment will not be barred by a statute of limitations that expires after the complaint is filed.

■ The version of section 1915(a) of Title 28 in effect during the time when Urrutia's complaint was under consideration in the district court provided for the filing of a complaint without prepayment of fees by a person who was unable to afford the fees. Section 1915(d), however, permits the district court to consider whether an *in forma pauperis* complaint is frivolous or malicious before authorizing issuance of the summons and service of the complaint. Some frivolous complaints can be remedied by an amendment pursuant to Fed.R.Civ.P. 15. Where that is so, a district court may not dismiss the complaint as frivolous and must permit the amendment. *Denton v. Hernandez,* 504 U.S. 25, 34, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992). An amendment to a complaint must satisfy the statute of limitations, however. If the limitations period has expired, in order to survive, the amendment must relate back to the original complaint under Rule 15(c).

■ Urrutia alleged in his original complaint that the police, after handcuffing him, stood by and watched while another individual stabbed him. The original filing, which occurred after the magistrate judge ruled that Urrutia could not afford to pay the

filing fees under § 1915(a), was within the statute of limitations. The complaint was, however, defective. This is because, even though it alleged misdeeds by individual police officers, instead of naming the individual police officers as defendants Urrutia named the Harrisburg police department itself, and respondeat superior cannot form the basis of liability under 42 U.S.C. § 1983. *Rizzo v. Goode,* 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). Urrutia's problem was compounded by the fact that the statute of limitations expired two months after the complaint was filed and about seven weeks before the district court made the § 1915(d) determination.

An amendment to the complaint in which specific police officers would be named as additional defendants, or substituted as defendants, was proposed by Urrutia and would have cured the defect, if it related back under Rule 15(c). Among the several conditions in Rule 15(c) that must be satisfied for an amendment to relate back is that the individuals to be added as defendants must receive such notice of the institution of the action within 120 days of the filing of the complaint that they will not be prejudiced in maintaining a defense on the merits. Here, however, between the magistrate judge and the district judge, the frivolousness determination consumed nearly all of the 120 day period established by Rule 15(c) for an amendment to relate back.

■ An *in forma pauperis* plaintiff has no control over the amount of time the district court takes to make the § 1915(d) ruling. Where that time period is lengthy, as it was here, it renders the relation back doctrine essentially unavailable to an *in forma pauperis* plaintiff, because, by the time the determination is made, even if it is that an amendment will be permitted, the 120 day period will have expired or be close to expiration. Therefore, we hold that, once a plaintiff submits an *in forma pauperis* complaint within the time provided by the statute of limitations, and after the § 1915(a) *in forma pauperis* determination is made, the 120 day period of Rule 15(c)(3) for satisfying the requirements for relation back of an amendment that changes or adds a party is sus-

pended while the district court considers the § 1915(d) question. If an amendment will cure defects in the complaint, it must be permitted, and upon the filing of an appropriate amendment, the district judge must order issuance of the summons and service of the complaint. *See Denton*, 504 U.S. at 34, 112 S.Ct. at 1734; *see also Roman v. Jeffes*, 904 F.2d 192, 195 n. 4 (3d Cir.1990). Upon the entry of that order directing service of the amended complaint, the suspension ends and the 120 day period of Rule 15(c)(3) for service begins to run.

We address today the version of 28 U.S.C. § 1915 in effect during the time when Urrutia's complaint was under consideration in the district court. On April 26, 1996, and while this appeal was pending, the President signed into law the omnibus fiscal year 1996 appropriations measure, which contained amendments to § 1915. Among other things, § 1915 has been amended to require courts to assess an initial partial filing fee of twenty percent of the greater of (1) the average monthly deposits to the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period whenever the prisoner's funds are insufficient to pay the full filing fee. In addition, courts are now required to determine whether a prisoner has, on three or more occasions, while incarcerated, brought an action or appeal in a federal court that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim

upon which relief may be granted. If so, the prisoner's new action must be dismissed unless he or she is in imminent danger of serious physical injury.

A new provision, 28 U.S.C. § 1915A, provides that courts shall review, *before docketing if feasible*, a prisoner's complaint against a governmental entity or officer or employee of a governmental entity to determine whether it may be dismissed as frivolous or malicious, or because it fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. These amendments place additional burdens on the courts and are bound to prolong the § 1915 determination. Our holding today thus retains vitality.

Because we believe that the district court erred in resolving the § 1915(d) question, specifically by refusing Urrutia's request to amend his complaint, and because we believe that Urrutia's proposed amendment will relate back so long as the individual police officers will not be prejudiced in maintaining a defense on the merits, we will vacate the order of dismissal, and remand for further proceedings.[1]

### I.

Urrutia's *in forma pauperis* complaint, consisting of an original complaint and an affidavit of poverty, alleged that his due process rights were violated when, on June 9, 1993, Denise Thompson[2] stabbed him in the hand while he was handcuffed and in the custody of the police.[3] The complaint named

---

1. We add that, pursuant to the recent amendments, section 1915(d), redesignated as § 1915(e), now permits district courts to dismiss those complaints which fail to state a claim upon which relief may be granted in addition to dismissing those which are frivolous. The amendments do not specify an effective date and do not specify whether they apply to actions that are now pending though commenced prior to April 26, 1996. We need not consider whether the new amendments apply to this action on remand because our holding would be the same under either the old or new version of § 1915. We have considered whether Urrutia's complaint states a claim upon which relief may be granted, in addition to stating a nonfrivolous claim, provided that he amends the complaint to properly name the individual police officers. We hold that it does. Moreover, because under Rule 15(a), a party may amend a pleading as a matter

of course in response to a motion to dismiss grounded on a failure to state a claim upon which relief may be granted, the rule that an amendment must be permitted whenever it will cure a frivolous complaint would apply with equal force whenever an amendment would save a complaint from dismissal for failure to state a claim upon which relief may be granted. *Roman*, 904 F.2d at 195; *District Council 47, AFSCME v. Bradley*, 795 F.2d 310, 316 (3d Cir. 1986).

2. Though we are not entirely certain, it appears from Urrutia's brief that this is the correct way to spell this defendant's name. We will, therefore, use this spelling throughout the opinion.

3. Urrutia stated in the complaint that Ms. Thompson is the mother of his children. As we explain *infra*, in his brief on appeal, Urrutia

as defendants Thompson, the Harrisburg Police Department, and the Assistant District Attorney of Dauphin County, Sean McCormack. The complaint alleged that the district attorney had been vindictive in deciding to prosecute Urrutia and in dropping all charges against Ms. Thompson. Neither monetary damages nor specific injunctive relief were requested. Instead, complaining that he must serve seven months because of the district attorney's alleged vindictiveness, Urrutia merely asked that "justice be served." Complaint, at Part VI.

 On April 5, 1995, the magistrate judge, to whom the *in forma pauperis* complaint had been referred pursuant to local rule, signed a form order on the affidavit of poverty granting Urrutia leave to proceed without prepayment of fees. The complaint was filed on the same day. The magistrate judge did not order the complaint to be served and service did not take place at this time.[4] Three months later, in July 1995, the magistrate judge filed a Report and Recommendation in which he recommended that the complaint be dismissed as legally frivolous.

In recommending dismissal of the complaint prior to service, the magistrate judge reasoned that the district attorney's decision to drop the charges against Thompson and to prosecute Urrutia was immunized from liability pursuant to *Imbler v. Pachtman*, 424 U.S.

409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). Since Thompson was acting as a private citizen, no federal constitutional rights were implicated by her conduct, and the magistrate judge concluded that no liability could be imposed on any member of the police department because there had been no allegation of their indifference to Urrutia's safety in the complaint. Finally, he concluded that the claim against the police department could not stand because a municipality can only be liable under 42 U.S.C. § 1983 if a plan, policy or custom that it initiated violated a plaintiff's constitutional rights, *see Monell v. Department of Social Servs.*, 436 U.S. 658, 690, 98 S.Ct. 2018, 2035–36, 56 L.Ed.2d 611 (1978), and that no such circumstance was alleged.

Urrutia filed no objections to the report, but did move for an extension of time in which to amend his complaint. In his motion, he explained that he wished to amend his complaint "to plead his case with more 'specificity,'" Motion For Extension of Time, at ¶ 2, and to add as defendants the police officers who had arrested him.[5] The district court denied the motion, adopted the Report and Recommendation as the opinion of the court, and dismissed the complaint. Urrutia then filed a timely notice of appeal and a motion to proceed *in forma pauperis* on appeal. The motion to proceed *in forma pauperis* was granted by the district court.[6]

---

contended that the police did not prevent Ms. Thompson from attacking him.

4. District courts in this Circuit use a two-step analysis in evaluating *in forma pauperis* complaints. First, a judge evaluates the plaintiff's affidavit of poverty, construing it as a motion to proceed *in forma pauperis*, and determines whether the plaintiff is financially eligible to proceed without prepayment of fees. Second, the district judge assesses the complaint to determine whether it is legally frivolous. *Roman*, 904 F.2d at 194 n. 1. If it is not, the district judge authorizes issuance of the summons and service of the complaint. (There is no reason to think that the procedure will be any different under the new version of § 1915, although the financial and substantive considerations will differ.) Urrutia's *in forma pauperis* complaint was received in the district court on April 4, 1995. The complaint was filed by the clerk the next day. More commonly, however, both the filing of the complaint and the authorization of service of the

complaint on the defendants are postponed while the magistrate judge and/or district judge consider the § 1915(a) (indigency) and (d) (frivolousness) issues together.

5. The individual police officers were not named in the motion.

6. Under 28 U.S.C. § 1915(a), an appeal may not be taken *in forma pauperis* "if the trial court certifies in writing that it is not taken in good faith." This Court has stated that:

Normally, when a litigant is granted leave to proceed *in forma pauperis* by the district court, this status carries over in the Court of Appeals. Fed.R.App.P. 24(a). However, if the district court dismisses the case as frivolous under 28 U.S.C. § 1915(d), the litigant must reapply to this Court to proceed *in forma pauperis* on appeal, since a finding of frivolousness is viewed as a certification that the appeal is not taken in good faith. 28 U.S.C. § 1915(a); Fed.R.App.P. 24(a).

In his brief filed on appeal, Urrutia provides more detail about the stabbing. On the day in question, Urrutia was arrested by approximately five Harrisburg police officers based on a complaint made by Ms. Thompson. He contends that his hands were placed in handcuffs behind his back, that Ms. Thompson had a knife in her hand, which the police ignored, and that they did not try to stop her from attacking him. In his submission:

> After she (Ms. Thompson) stabbed me once, I told the five (5) police that she had just stabbed me and they did nothing. She then stabbed me two (2) more times and they did nothing. Only after she tried to stab me a fourth time did they intervene. At the time of the attack I was handcuffed and in the custody of the police. If the police had placed me in the police vehicle after they handcuffed me rather than leaving me to be exposed while in a defenseless position, the stabbing could have been avoided.

Appellant's Informal Brief, at 2. Urrutia suffered scars and lacerations as a result of the stabbing.

## II.

■ We believe that the allegations of Urrutia's complaint, construed liberally in light of *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972), state a claim of violation of the Fifth and Fourteenth Amendments provided that the individual police officers can be added or substituted as defendants.[7] Using a familiar referent, he is certainly entitled to the level of protection provided by the Eighth Amendment, and deliberate indifference on the part of prison officials to violent attacks by other inmates is prohibited by the Eighth Amendment. *Farmer v. Brennan,* 511 U.S. 825, ———, 114 S.Ct. 1970, 1976–77, 128 L.Ed.2d 811 (1994); *Riley v. Jeffes,* 777 F.2d 143, 147 (3d Cir.1985). Deliberate indifference means that an official acted or failed to act despite his knowledge of a substantial risk of serious harm. *Farmer,* 511 U.S. at ———, 114 S.Ct. at 1981. We believe that these principles apply to attacks on persons in custody, whether or not by another inmate, and that the circumstances described above state a nonfrivolous claim of deliberate indifference, at a minimum.

However, Urrutia will have a viable claim only if he identifies the police officers present following his arrest who failed to take preventive action, because respondeat superior cannot form the basis of liability under 42 U.S.C. § 1983. *See Rizzo,* 423 U.S. at 362, 96 S.Ct. at 600. In *Denton,* 504 U.S. at 34, 112 S.Ct. at 1734, the Supreme Court explained that "if it appears that frivolous factual allegations could be remedied through more specific pleading, a court of appeals reviewing a § 1915(d) disposition should consider whether the District Court abused its discretion by dismissing the complaint with prejudice or without leave to amend." We have held that dismissal under § 1915(d) is appropriate only when the complaint is truly frivolous and no amendment would cure the

---

*Oatess v. Sobolevitch,* 914 F.2d 428, 430 n. 4 (3d Cir.1990).
Because the district judge dismissed the complaint as frivolous, he should not have granted leave to proceed *in forma pauperis* on appeal. The granting of leave to appeal *in forma pauperis* from the dismissal of a frivolous suit contradicts the earlier order, a result, we assume, that was not intended here.

7. Directly following the description in the *pro se* brief of the alleged attack by Ms. Thompson, Urrutia asserted that his rights under the "fourth and Fourteenth Amendment [*sic*] to the U.S. constitution" were violated. Appellant's Informal Brief, at 2. When a police officer uses force to effect an arrest, that force must be reasonable. *Graham v. Connor,* 490 U.S. 386, 396, 109 S.Ct. 1865, 1871–72, 104 L.Ed.2d 443 (1989). An unreasonable use of force in effecting an arrest violates the Fourth and Fourteenth Amendments. The events described in the original complaint, and elaborated in detail in the *pro se* brief, do not suggest that the police used excessive force. Moreover, the original complaint made reference to a violation of Urrutia's due process rights only; there was no mention of a Fourth Amendment violation. It seems to us, therefore, that Urrutia intended to assert a violation of his Fifth and Fourteenth Amendments, and we will treat his claim as such. However, because there is a vague reference in the brief to the police officers having "beat on" Urrutia prior to placing him in handcuffs, Appellant's Informal Brief, at 2, our opinion should not be interpreted as expressing any view regarding the merits of an excessive force claim arising from the arrest on June 9, 1993, or any of the individual factors that would

defect. *Roman*, 904 F.2d at 195 n. 4. In view of the allegations discussed above, and subject to the discussion, *infra*, we are constrained to hold that the district court abused its discretion in denying Urrutia leave to amend his complaint to add or substitute the individual police officers as defendants and to supplement the factual basis of his claim.

### III.

### A.

 We underscore that Urrutia's complaint was submitted to the court within the two-year limitations period applicable to this action.[8] However the limitations period expired approximately two months after the complaint was filed, i.e. after the § 1915(a) determination was made.[9] Thus, an amendment to the complaint on remand, in which specific police officers are named as additional defendants, will be barred by the statute of limitations unless the amendment relates back to the original complaint under Fed. R.Civ.P. 15(c). *See Nelson v. County of Allegheny*, 60 F.3d 1010, 1015 (3d Cir.1995) (relation back rule ameliorates effect of statute of limitations), *cert. denied*, —— U.S. ——, 116 S.Ct. 1266, 134 L.Ed.2d 213 (1996).

Rule 15(c) permits amendments of a pleading to relate back to the date of the original pleading when:

(1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or

(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or

(3) the amendment changes the party or the naming of the party against whom a

claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party....

Fed.R.Civ.P. 15(c).

Subparagraph (1) will not help Urrutia because Pennsylvania courts do not take a more lenient approach to the relation back doctrine than do federal courts. *See Nelson*, 60 F.3d at 1014 n. 4 (citing *Aivazoglou v. Drever Furnaces*, 418 Pa.Super. 111, 613 A.2d 595, 599 (1992)). Subparagraph (3) may however permit Urrutia to identify the specific police officers who failed to protect him from being stabbed, and either add them as additional defendants or substitute them in place of the Harrisburg police department. *Id.* at 1014; *Lundy v. Adamar of New Jersey, Inc.*, 34 F.3d 1173, 1183 & n. 14 (3d Cir.1994). For Urrutia's claim against specific police officers to relate back to the original complaint, all three conditions in Rule 15(c)(3) must be satisfied.

The first condition, that the claim against specific police officers must have arisen out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, is plainly met. It is similarly clear that the third condition is satisfied because Urrutia made a "mistake" in identifying the proper parties for this § 1983 action. Whether or not he intended to sue the Harrisburg police department in addition, he

---

have to be considered in assessing the validity of such a claim.

8. Thus the statute of limitations was satisfied as to the Harrisburg police by the timely filing of the original complaint. Even if a complaint is not "filed" until after the statute of limitations runs, but is "submitted" to the clerk before the statute runs, the formal filing of the complaint would relate back to the date of submission. *McDowell v. Delaware State Police*, 88 F.3d 188 (3d Cir.1996) makes this very point.

9. With the exception of 42 U.S.C. § 1986, the federal civil rights laws do not contain a specific statute of limitations for § 1983 actions. Thus, federal courts must look to the statute of limitations governing analogous state causes of actions. A § 1983 action is most analogous to a tort action for damages for personal injuries. *Wilson v. Garcia*, 471 U.S. 261, 276, 105 S.Ct. 1938, 1947, 85 L.Ed.2d 254 (1985). Pennsylvania has a two-year limitations period for personal injury actions. *See 42 Pa. Cons.Stat.Ann.* § 5524 (Supp.1995).

certainly intended to sue the individual police officers who were present at the time of the stabbing. The initial decision to name the Harrisburg police department only and not the individual police officers was not a matter of litigation strategy, as is apparent from Urrutia's motion for an extension of time in which to file an amended complaint. *See Lundy,* 34 F.3d at 1183. Moreover, because, as an objective matter, it is a legal blunder to pursue a municipal defendant for the misdeeds of individual state actors, it is arguable that the proposed additional defendant police officers knew or should have known that but for the legal mistake of this *pro se* plaintiff, they would have been direct targets of the complaint from the outset. Urrutia will have to demonstrate that he meets this requirement on remand.

### B.

The second and remaining condition has two requirements, notice and the absence of prejudice, each of which must be satisfied. This condition presents the greatest problem for Urrutia, because it is subject to a time restriction over which he has no control.[10] The individual police officers to be named in the amendment must receive such notice of the institution of this action within 120 days of the filing of the complaint that they will not be prejudiced in maintaining a defense on the merits.

Prior to the 1991 amendment to Rule 15(c), a plaintiff could not relate back the amendment of a defendant's name on the complaint unless the new defendant had notice of the suit prior to the expiration of the statute of limitations. *Schiavone v. Fortune,* 477 U.S. 21, 30–31, 106 S.Ct. 2379, 2384–85, 91 L.Ed.2d 18 (1986). The 1991 amendment to

Rule 15(c) changed the result in *Schiavone* and provided that an amendment would relate back as long as the intended defendant received notice of the action within the period allowed for service of the summons and complaint as set forth in Fed.R.Civ.P. 4(m), or 120 days, whether or not the statute of limitations had expired in the interim. Rule 15(c) does not require that a plaintiff actually amend his complaint within the Rule 4(m) period; it speaks only of notice, lack of prejudice, and reason to know of a mistake within that time.

In Urrutia's case, an amended complaint naming the individual police officers has yet to be filed and the 120 day period from the date of the filing of the original complaint has long since expired. We assume that the individual police officers have not received notice of this action, because they have not been served with a complaint. Moreover, the district court did not authorize service of the complaint on the Harrisburg police department. Thus, the individual officers would not have been able to learn about the action through department channels.[11]

This is not Urrutia's fault. He submitted his *in forma pauperis* complaint a full two months before the statute of limitations was due to expire. The complaint was duly filed after the determination was made that Urrutia was indigent, *see* 28 U.S.C. § 1915(a),[12] but three months passed before the Report and Recommendation addressing the § 1915(d) concerns was filed. The statute of limitations expired during this time. After receipt of the report, the district judge denied Urrutia's motion for an extension of time to amend and dismissed the complaint. Shortly thereafter, the 120 day period expired as well.[13]

---

**10.** The requirement that the party to be added know that, but for the mistake he or she would have been sued in the original complaint, also is subject to the 120 day requirement of Rule 15(c)(3).

**11.** *See, e.g., Varlack v. SWC Caribbean, Inc.,* 550 F.2d 171, 175 (3d Cir.1977) (defendant had adequate notice of lawsuit when, within limitations period, he coincidentally saw copy of complaint naming both place where he worked and unknown employee as defendants, because he knew that "unknown employee" referred to him).

**12.** The complaint is automatically filed by the clerk once the § 1915(a) application is approved by the court.

**13.** To recapitulate the applicable procedures, a plaintiff who is able to pay the filing fee need only submit his or her complaint with the filing fee within the applicable limitations period. The complaint is filed and the statute of limitations is satisfied. The plaintiff then undertakes to have the summons and complaint served on the defendant or defendants and litigation commences. When a plaintiff seeks to proceed without pre-

Because in cases where an amendment will be necessary, the delay in making a § 1915(d) determination easily could consume the 120 day period, we hold that, once a plaintiff submits an *in forma pauperis* complaint within the limitations period, and where an amendment will be necessary to cure a defect, the 120 day period of Rule 15(c)(3) is suspended until the district judge authorizes issuance of the summons and service of the amended complaint.[14] To hold otherwise would eviscerate the effect of the 1991 amendment to Rule 15(c) and mean that similar *in forma pauperis* actions would be treated differently on the basis of how quickly the magistrate judge and/or district judge acted on them.

This is a matter of first impression in this Circuit, but other courts have suspended the running of the statute of limitations during the pendency of an *in forma pauperis* motion. The principles guiding those decisions apply equally here, because "[r]elation back is intimately connected with the policy of the statute of limitations." Fed.R.Civ.P. 15(c) advisory committee's note. In *Martin v. Demma*, 831 F.2d 69 (5th Cir.1987) (*per curiam*), for example, a prisoner and his wife sought to file a § 1983 action against two

police officers. The complaint was received in the district court within the applicable limitations period. However, it was not actually filed until after the limitations period expired, because of a two-week delay by the magistrate judge in granting an *in forma pauperis* motion. The court held that the date the complaint was received in the district court, rather than the date it was filed, would determine whether it was barred by the statute of limitations. The court reasoned that some administrative delay was inevitable whenever an *in forma pauperis* motion accompanied a complaint, but could not fairly be attributed to the *in forma pauperis* plaintiff. *Id.* at 71. *See also Jones v. Waters*, 563 F.Supp. 817, 818 (E.D.Pa.1983) (tolling two-year limitations period governed by 42 *Pa. Cons.Stat.Ann.* § 5524 in § 1983 action during pendency of *in forma pauperis* motion).

C.

The tolling of the limitations period during the pendency of an *in forma pauperis* motion is particularly common in Title VII cases. In *Ynclan v. Department of Air Force*, 943 F.2d 1388, 1391 (5th Cir.1991), for example, the complaint was submitted prior to the expira-

payment of fees, however, § 1915 contemplates a different approach. Only the court may "authorize the commencement ... of any suit ... without prepayment of fees and costs...." 28 U.S.C. § 1915(a). In addition, "[t]he officers of the court shall issue and serve all process ... in such cases." 28 U.S.C. § 1915(c). Furthermore, the district court may dismiss the complaint "if satisfied that the action is frivolous or malicious." 28 U.S.C. § 1915(d). Under § 1915(d), a district judge is authorized to dismiss as frivolous claims based on an indisputably meritless legal theory or clearly baseless factual contentions. *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 1832–33, 104 L.Ed.2d 338 (1989).

Thus, submitting an *in forma pauperis* complaint to the clerk does not result in commencement of the litigation and satisfaction of the statute of limitations. Either the complaint is not filed until an indigency determination is made by a judge, or more commonly in this Circuit, the complaint is not filed and issuance of the summons and service of the complaint is not authorized until the district judge determines that the complaint is not frivolous. Moreover, *in forma pauperis* complaints often are first referred to the magistrate judge pursuant to 28 U.S.C. § 636(b)(1) and local rules of civil procedure.

The magistrate judge must then prepare a Report and Recommendation for use by the district judge. This can be a time-consuming process. Here, nearly four months elapsed between the time the case was referred to the magistrate judge and the time the district judge finally ruled that the complaint was legally frivolous. An *in forma pauperis* plaintiff should not be charged with the delay inherent in this process, because it is entirely within the control of the magistrate judge and/or district judge.

Moreover, under the new version of § 1915, courts will have to compute average monthly balances in, or average monthly deposits to, a prisoner's prison account and calculate a partial filing fee. In addition, a determination of whether a prisoner has exceeded the allowable number of frivolous or otherwise inadequate *in forma pauperis* actions will have to be made before the litigation may commence.

14. This case does not present a situation where the court orders service of an original complaint after the statute of limitations has run and sometime later orders service of an amended complaint. In those circumstances, the 120 day period specified by Rule 15(c)(3) begins to run on the date service of the original complaint was ordered.

tion of the limitations period but was not actually filed until after the limitations period had expired. The court held that the limitations period was tolled during the pendency of the plaintiff's *in forma pauperis* and counsel motions. Another case supporting this view is *Paulk v. Department of Air Force,* 830 F.2d 79 (7th Cir.1987), where a *pro se* plaintiff submitted a complaint naming the Department of the Air Force as the defendant and an *in forma pauperis* motion within the limitations period. *Id.* at 80 n. 1. After the limitations period expired, the *in forma pauperis* motion was granted and the complaint was served on the U.S. Attorney. After a motion to dismiss was filed, the plaintiff attempted to amend her complaint to name the correct party. However, the district court rejected the amendment and dismissed the suit because the plaintiff had named the wrong federal government defendant and failed to give actual notice of the suit to the correct party within the limitations period. The Court of Appeals for the Seventh Circuit reversed.

The court noted that, pursuant to Rule 15(c), service on the U.S. Attorney within the limitations period satisfied the rule's requirements for relation back of an amendment to change a party after the limitations period had expired. *Id.* at 81. Although the U.S. Attorney had not been served within the limitations period, the court held that the district court should have granted the plaintiff's request to amend her complaint. The court's explanation in *Paulk* is especially apposite here:

> Because plaintiff petitioned for leave to proceed *in forma pauperis,* see 28 U.S.C. § 1915, the United States Attorney was not actually served with the *pro se* complaint for more than a month after the complaint was filed and the statute of limitations had run. This delay is fully expectable due to this Circuit's rule that the district judge may consider whether the complaint is frivolous or malicious before granting leave to proceed *in forma pauperis* under § 1915(a) and authorizing issuance of the summons and complaint (citations omitted). The delay in deciding to grant this motion could easily consume the thirty-day limitations period and make im-

practicable the filing of *in forma pauperis* petitions in such suits. Tolling the limitations period during the pendency of such a motion ... allows 28 U.S.C. § 1915 and Rule 15(c) to operate harmoniously, instead of denying the benefits of ... Rule 15(c) to the very plaintiffs who are most likely to need it.

*Id.* at 82–83. *See also Warren v. Department of Army,* 867 F.2d 1156, 1161 (8th Cir.1989) (same).

### D.

In sum, we hold that the 120 day period of Rule 15(c)(3) for satisfying the requirements for relation back of an amendment that changes or adds a party is suspended once a plaintiff submits the original *in forma pauperis* complaint within the time provided by the statute of limitations, and the § 1915(a) *in forma pauperis* determination is made. The 120 day period remains suspended while the district judge considers the § 1915(d) frivolousness question. If an amendment is necessary to cure defects in the complaint and an appropriate one is proffered, it must be permitted, *see Roman,* 904 F.2d at 195 n. 4, and upon the filing of an appropriate amendment, the district judge must order issuance of the summons and service of the amended complaint. Upon the entry of that order directing service of the amended complaint, the suspension ends and the 120 day period of Rule 15(c)(3) begins to run. *Cf. supra* note 14. We agree with the Seventh Circuit in *Paulk, supra,* that there is a need for 28 U.S.C. § 1915 and Rule 15(c) to operate harmoniously to avoid denying the benefits of Rule 15(c) to the very plaintiffs who are most likely to need it. *See supra* p. 460.

Under this holding, the order of the district court dismissing this action under 28 U.S.C. § 1915(d) must be vacated and the case remanded for further proceedings. On remand, Urrutia should be granted leave to file his amended complaint. If he does so and properly names the individual police officers, the district court should direct service of the amended complaint. If service of the amended complaint is made within the 120 day period provided for in Rule 4(m), such

period to commence upon entry of the order directing that the amended complaint be served, Urrutia will have satisfied the requirement of notice, because actual service of the complaint clearly satisfies the notice requirement.

The additional defendants may, of course, move for dismissal of the amended complaint as barred by the statute of limitations if Urrutia does not show that they should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against them, or if they can show that they will be prejudiced in maintaining a defense. The prejudice must be actual, not hypothetical. *See, e.g., Bechtel v. Robinson,* 886 F.2d 644, 652 (3d Cir.1989) (demonstrating prejudice requires party seeking dismissal of amended complaint to show that it was unfairly denied opportunity to present facts or evidence which it would have presented had the amendments been timely). We will leave the determination of these questions to the district court in the first instance.

### IV.

The magistrate judge suggested other possible bases for dismissal of the complaint, namely, claim preclusion and improper venue. In answer to a question in the form civil rights complaint asking for a description of any lawsuits dealing with the same facts involved in the present action, Urrutia identified a prior suit against the Harrisburg Police Department, Denise Thompson, and Sean McCormack. The suit was filed in the Dauphin County Courts, and was dismissed.

 Urrutia may be precluded from bringing his civil rights claim in federal court. *See Migra v. Warren City Sch. Dist. Bd. of Educ.,* 465 U.S. 75, 77 n. 1, 104 S.Ct. 892, 894 n. 1, 79 L.Ed.2d 56 (1984); *Allen v. McCurry,* 449 U.S. 90, 96–97, 101 S.Ct. 411, 415–16, 66 L.Ed.2d 308 (1980) (*res judicata* applies to § 1983 cases). "When a prior case has been adjudicated in a state court, federal courts are required by 28 U.S.C. § 1738 to give full faith and credit to the state judgment and, in section 1983 cases, apply the same preclusion rules as would the courts of that state." *Edmundson v. Borough of Kennett Square,* 4 F.3d 186, 189 (3d Cir.1993) (citations omitted). Hence, in this case, Pennsylvania law determines if Urrutia's § 1983 claim should be barred.

 Under Pennsylvania law, a final judgment on the merits by a court of competent jurisdiction will bar any identical future action between the parties and their privies. *See, e.g., Hopewell Estates, Inc. v. Kent,* 435 Pa.Super. 471, 476, 646 A.2d 1192, 1194 (1994). All matters which might have been raised in the former suit as well as those that actually were raised are *res judicata* in a subsequent proceeding. *Id.* "In determining whether *res judicata* should apply, a court may consider whether the factual allegations of both actions are the same, whether the same evidence is necessary to prove each action and whether both actions seek compensation for the same damages." *Hopewell Estates,* 435 Pa.Super. at 477, 646 A.2d at 1194–95 (citing *Mintz v. Carlton House Partners,* 407 Pa.Super. 464, 475, 595 A.2d 1240, 1246 (1991)).

Even though Urrutia made a vague representation that his present federal case arises from the same facts as in his state court case (*see supra* p. 461), we are unable to determine if the federal civil rights claim should have been raised in the prior suit, or, was raised and fully litigated before and, therefore, cannot now be relitigated.[15] Neither could the district court make this determination on the facts before it.

In the usual case, if a § 1915(d) dismissal based on the doctrine of *res judicata* is contemplated, the district court should have on hand the complaint and dismissal order from the prior suit. *See Logan v. Moyer,* 898 F.2d 356, 357 (3d Cir.1990). Only then can the district court have the requisite certainty that the relevant facts and issues support a

---

**15.** Our staff attorney telephoned the Prothonotary's office in Dauphin County in search of any public information concerning Urrutia's state court case. The clerk who assisted her searched the computerized docket using Urrutia's and Ms. Thompson's name and found no suits by Urrutia against these three defendants.

determination of claim preclusion. In this case, in view of the anticipated addition of individual police officers as defendants, we think the better practice would be for the district court to leave the defense of *res judicata, see* Fed.R.Civ.P. 8(c), to the defendants to plead and develop as a basis for dismissal of the amended complaint.

Similarly, because there is no way of knowing at this time where any of the proposed additional defendant police officers reside, the defendants also should be the ones to raise a challenge of improper venue, if such a challenge is appropriate. At the time of filing of the complaint, Urrutia was incarcerated at the State Correctional Institution in Somerset, Pennsylvania.[16] He filed this action in the judicial district in which Somerset is located, the Western District of Pennsylvania. The June 1993 arrest by Harrisburg police officers took place in Harrisburg, Pennsylvania, located in the Middle District of Pennsylvania.

Section 1983 contains no special venue provision. *See Sinwell v. Shapp,* 536 F.2d 15, 19 (3d Cir.1976). Therefore, the general venue provisions of 28 U.S.C. § 1391 apply. Pursuant to § 1391(b):

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, ... or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

A defense of improper venue may be waived. Fed.R.Civ.P. 12(h)(1).

Because the arrest took place in Harrisburg, venue would be appropriate in the Mid-

dle District. If venue is not also appropriate in the Western District, because subparagraph (1) cannot be satisfied, the defendants should seek recourse pursuant to a Fed. R.Civ.P. 12(b)(3) motion prior to answering the amended complaint.[17] If it appears from the motion that venue is not proper in the Western District, the district court should transfer the action to the Middle District pursuant to 28 U.S.C. § 1406(a). *See also Cottman Transmission Sys. v. Martino,* 36 F.3d 291, 296 (3d Cir.1994).

## V.

 The magistrate judge also concluded that defendant McCormack was immune from suit because the decision to prosecute is a protected function. However, the absolute immunity for prosecutorial functions only applies in a suit for money damages. *Imbler,* 424 U.S. at 431, 96 S.Ct. at 995–96. Urrutia did not request money damages in the complaint. On the other hand, Urrutia's request that "justice be served" is too nebulous to constitute a request for injunctive relief. In amending his complaint on remand Urrutia must specify whether he is seeking money damages or injunctive relief or both. If he is seeking injunctive relief, he should be specific about what he is seeking. If he continues to rely solely on his request for "justice," the district court may dismiss the complaint. If what Urrutia seeks is a release from custody, his complaint sounds in habeas corpus, not civil rights, *see Preiser v. Rodriguez,* 411 U.S. 475, 500, 93 S.Ct. 1827, 1841–42, 36 L.Ed.2d 439 (1973), and an assistant district attorney would not be a proper respondent, *see* Rule 2(a), *Rules Governing § 2254 Cases.* And if he seeks damages, the district court must consider the *Imbler* prosecutorial immunity issue.

**16.** Urrutia's sentence of 11½ months to 5 years imprisonment was imposed by the Dauphin County Court of Common Pleas. We cannot be sure from the record before us whether this sentence was imposed for a conviction related to the arrest in June 1993 or some other conviction.

**17.** Rule 12(b) provides that "[e]very defense, in law or fact, to a claim for relief in any pleading

... shall be asserted in the responsive pleading thereto if one is required ..., except that the following defenses may at the option of the pleader be made by motion...." Among those defenses which may be made by motion is the defense of improper venue pursuant to subparagraph (3).

## VI.

Finally, Urrutia has alluded in his brief on appeal to an additional claim for false imprisonment arising from the June 1993 arrest, and he has also described in detail a new claim of excessive use of force in effecting a different arrest on July 26, 1993. Urrutia is free to add other causes of action concerning the June 1993 arrest pursuant to an amendment to the complaint (*see also supra* note 7), but an amendment adding claims arising from a different arrest on a different day in 1993 will not relate back and would appear to be barred by the statute of limitations. *See Fed.R.Civ.P.* 15(c)(2).

The order of the district court dismissing the complaint will be vacated and the case remanded for further proceedings consistent with this opinion.