

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-14-2005

# Sebrell v. DA Philadelphia Cty

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3455

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Sebrell v. DA Philadelphia Cty" (2005). *2005 Decisions.* Paper 112.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/112

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DPS-6                                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-3455
_____

VERNELL L. SEBRELL,
Appellant

v.

DISTRICT ATTORNEY LYNN ABRAHAM

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 05-cv-01682)
District Judge: Honorable John P. Fullam
_____

Submitted For Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
October 14, 2005

Before: ROTH, FUENTES AND VAN ANTWERPEN, <u>CIRCUIT</u> <u>JUDGES</u>

(Filed:    December 14, 2005)
_____

OPINION
_____

PER CURIAM.

Appellant, Vernell Sebrell, commenced this action by filing a one-page pro se

complaint against the Philadelphia District Attorney.  Among other things, Sebrell alleged

that the District Attorney failed to bring "corrupt cops" to justice and violated Sebrell's

civil rights by failing to investigate complaints of "terroristic threats by police officers."

The District Court granted Sebrell's motion for leave to proceed in forma pauperis and dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. The District Court noted that even under a liberal reading of the pro se complaint, Sebrell failed to allege an actionable constitutional violation or conduct that falls outside the scope of the District Attorney's immunity from suit. Sebrell timely filed this appeal.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. We have granted Sebrell leave to proceed in forma pauperis on appeal and will dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Insofar as Sebrell filed this action in an effort to recover money damages (a fact that is unclear from the complaint), the District Attorney is plainly immune from suit. Imbler v. Pachtman, 424 U.S. 409 (1976); Kulwicki v. Dawson, 969 F.2d 1454 (3d Cir. 1992). To the extent that Sebrell sought an unspecified form of injunctive relief, or merely sought "justice," the district court likewise properly dismissed the complaint. Urrutia v. Harrisburg County Police Dep't, 91 F.3d 451, 462 (3d Cir. 1996). Sebrell's allegations simply do not state an actionable claim upon which relief can be granted.

Accordingly, we will dismiss the appeal pursuant to § 1915(e)(2)(B)(i).