

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-6-2007

# Discenza v. Hill

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4109

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Discenza v. Hill" (2007). *2007 Decisions.* Paper 1524.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1524

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-4109
_____

CHARLES DISCENZA,

Appellant

v.

THOMAS HILL, Head of the Contract Department;
BARBARA PETRZILKA, Plaintiff's Supervisor;
DONALD C. WINTER

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 04-cv-05998)
District Judge: Honorable Anne E. Thompson
_____

Submitted Under Third Circuit LAR 34.1(a)
February 23, 2007

Before:  SLOVITER, MCKEE AND AMBRO, CIRCUIT JUDGES

(Filed: March 6, 2007 )

_____

OPINION
_____

PER CURIAM

Charles Discenza, acting pro se, appeals an order of the United States District Court for the District of New Jersey dismissing his complaint and denying his motion to file an amended complaint.

Discenza, a former employee of the Department of the Navy, alleges that he was denied promotions in 1999 and 2001 because of his race, sex, and failure to account properly for his status as a disabled veteran. Based on these events, Discenza brought claims under Title VII, 42 U.S.C. 2000e, and the Vietnam Era Veterans' Readjustment Assistance Act ("VEVRAA"), 38 U.S.C. § 4214. His initial complaint, submitted to the District Court with his application to proceed in forma pauperis on December 9, 2004, named only defendants Hill and Petrzilka, two supervisors in his department. On July 18, 2005, the District Court granted his motion to proceed in forma pauperis, ordered that the complaint be filed, and instructed Discenza that he must submit a separate request for appointment of counsel, if he so desired.[1] On August 4, 2005, Discenza filed a motion for appointment of counsel, which was denied by the District Court on November 10, 2005. On February 9, 2006, he filed an amended complaint adding Donald Winter, Secretary of the Navy, as a defendant. Following a request by Discenza, summons issued on March 2. Although there is no record of service of the amended complaint being made, defendants moved to dismiss the complaint, or in the alternative for summary judgment, on March 3, 2006.

---

[1] For reasons that are not clear, the District Court did not at that time order summons to issue or direct the United States marshals to make service pursuant to 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(2).

2

The District Court dismissed the claims against Hill and Petrzilka for lack of jurisdiction, reasoning that Title VII does not allow suits against government workers in their individual capacities. It construed the amended complaint submitted by Discenza as a motion to amend the complaint, and denied it as futile. The District Court found that the amended complaint was not filed within 90 days of receipt of the Equal Employment Opportunity Commission ("EEOC") "right to sue" letter as required by 42 U.S.C. 2000e-16(c), and that it did not meet the standard for relating back to the initial complaint under Fed. R. Civ. P. 15(c).

We exercise jurisdiction pursuant to 28 U.S.C. § 1291. We undertake plenary review of the District Court's grant of the motion to dismiss as to Hill and Petrzilka. See AT&T Corp. v. JMC Telecom, LLC, 470 F.3d 525, 529 (3d Cir. 2006). We review the denial of Discenza's motion to amend the complaint de novo, as the District Court based this holding on the conclusion that the proposed amended complaint would not survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6). See Howard Hess Dental Labs Inc. v. Dentsply Int'l, Inc., 424 F.3d 363, 369 (3d Cir. 2005).

As the District Court correctly concluded, individual employees may not be held liable under Title VII. See Sheridan v. E.I. DuPont de Nemours & Co., 100 F.3d 1061, 1077-78 (3d Cir. 1996). While this did not deprive the District Court of jurisdiction, it did provide an adequate foundation for the grant of a motion to dismiss for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).

3

Discenza's claims under VEVRAA also fail because the government has not waived sovereign immunity.  See Antol v. Perry, 82 F.3d 1291 (3d Cir. 1996).

We will also affirm the denial of Discenza's motion to amend his complaint, although on different grounds than those relied on by the District Court. While the amended complaint may have met the requirements for relating back under Fed. R. Civ. P. 15(c),[2] it would have been futile nonetheless because Discenza failed to exhaust administrative remedies before filing his complaint in District Court.  As we observed in Robinson v. Dalton, "[i]t is a basic tenet of administrative law that a plaintiff must exhaust all required administrative remedies before bringing a claim for judicial relief."  107 F.3d 1018, 1020 (3d Cir. 1997).  Here, Discenza admits that he did not consult with an Equal Employment Office ("EEO") counselor within 45 days of becoming aware of the allegedly discriminatory personnel action as required under 29 C.F.R. § 1614.105(a).  According to his court filings, he was under the misapprehension that evidence sufficient to establish a prima facie case of discrimination was required before consulting with an EEO counselor.  As this mistake is insufficient to justify equitable tolling, Discenza's claims against defendant Winter would have been subject to dismissal under Fed. R. Civ. P. 12(b)(6), see id. at 1022, making his attempt to amend the complaint futile.

---

[2]  The 120-day period for service set by Fed. R. Civ. P. 4(m) likely should have been equitably tolled during the pendency of Discenza's motion for appointment of counsel. See Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 459-60; Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 151 (1984).

Accordingly, we will affirm the order of the District Court.