

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-6-2009

# Natividad Saez v. Gen Mtr Corp

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1334

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Natividad Saez v. Gen Mtr Corp" (2009). *2009 Decisions.* Paper 2072.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/2072

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 08-1334

———

NATIVIDAD SAEZ; MARY JO SAEZ, his wife,

Appellants.

v.

GENERAL MOTORS CORPORATION;
BUICK MOTORS CORP., A Division of General
Motors Corporation d/b/a and also known as Buick Motor Cars
(individually, jointly and severally)

———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D. C. No. 06-cv-00206)
District Judge:  Hon. Stewart Dalzell

———

Submitted under Third Circuit LAR 34.1 (a)
on December 11, 2008

Before: McKEE, SMITH and ROTH, <u>Circuit Judges</u>

(Opinion filed   January 06, 2009 )

———

O P I N I O N

———

**ROTH**, Circuit Judge:

Natividad Saez and his wife, Mary Joe Saez, have sued General Motors Corporation and Buick Motors Corporation for defective product, breach of warranty, and negligence arising from injuries Natividad Saez suffered while lifting the seat out of a Buick Rendezvous. The Saezes simultaneously sued a local dealership in state court alleging the same causes of action. After the state court dismissed the Saezes' claims with prejudice, the District Court permitted defendants to amend their answer to allege collateral estoppel and then granted summary judgment on this basis. The Saezes appeal both these rulings.

The District Court had jurisdiction under 28 U.S.C. § 1332. We have jurisdiction under 28 U.S.C. §§ 1291 and 1294. We review a district court's grant of leave to file an amended pleading for abuse of discretion. *Urrutia v. Harrisburg County Police Dep't*, 91 F.3d 451, 457 (3d Cir. 1996). Our review of a grant of summary judgment is plenary. *Nationwide Mut. Ins. Co. v. Riley*, 352 F.3d 804, 806 n.3 (3d Cir. 2003). We will affirm.

Leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (1997). The Saezes contend that the District Court should have found undue delay, bad faith, and prejudice because defendants could have moved to amend earlier but waited until after the close of discovery. The Saezes did not, however, seek leave to conduct additional discovery after defendants filed their motion, and they have not explained

2

how such discovery would have affected defendants' collateral estoppel defense. The Saezes also contend that the collateral estoppel defense is meritless and, thus, that amendment was futile. Since we will also affirm the District Court's grant of summary judgment on grounds of collateral estoppel, we reject this contention. Accordingly, the District Court did not abuse its discretion in granting leave to amend.

Nor do we find error in the District Court's grant of summary judgment. Apart from the jurisdictional allegations and the names of the parties, the Saezes' claims in state court were identical to those alleged in the instant action. The state court specifically held that the allegedly defective product could not, as a matter of law, be found defective or unreasonably dangerous and that no warning was necessary about its shape, size, or weight. This holding was not limited to the particular defendants in state court, and mutuality of parties is not a requirement for collateral estoppel. *See Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 332–33 (1979). Contrary to the Saezes' assertion, it is of no moment that the parallel cases were dismissed at different stages since a full and fair opportunity to litigate was afforded in both. *See* Restatement (Second) of Judgments § 27 cmt. d (1982). Finally, the Saezes' proposed expert opinion evidence relates solely to a factual issue—whether the product was defective—while the District Court's decision was based solely on the purely legal principle of collateral estoppel; the opinion evidence not considered by the District Court was thus irrelevant to the disposition.

Accordingly, we will affirm the judgment of the District Court.

3