Pedro RONDON, Appellant

v.

PASSAIC CTY JAIL, In their individual and official capacities; Sheriff Jerry Speziale.

No. 09–4089.

United States Court of Appeals, Third Circuit.

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Summary Action

Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 Jan. 22, 2010.

Opinion filed: March 11, 2010.

Pedro Rondon, Philipsburg, PA, pro se.

Paul J. Giblin, Sr., Esq., Giblin & Giblin Oradell, NJ, for Passaic Cty Jail, In their individual and official capacities; Sheriff Jerry Speziale.

Before: McKEE, RENDELL and CHAGARES, Circuit Judges.

## OPINION

PER CURIAM.

Appellant Pedro Rondon, a pro se prisoner, appeals from an order of the District Court granting summary judgment in favor of Defendants. For the reasons set forth below, we will summarily affirm. *See* I.O.P. 10.6.

In July 2007, Rondon commenced a civil rights action under 42 U.S.C. § 1983 in the United States District Court for the District of New Jersey against Defendants Passaic County Jail and Sheriff Jerry Speziale. Rondon claims that while he was temporarily imprisoned at the Passaic County Jail, from June 1998 until October 1998, Defendants failed to provide him with clean underwear, which caused him to contract a fungal infection in the area of his groin. He further claims that Defendants failed to provide him with proper medical care in order to treat the infection, causing permanent injury.

At the close of discovery, the parties filed cross-motions for summary judgment. Defendants argued that Rondon's § 1983 claims were time-barred and should be dismissed on that basis. Upon review, the

240

District Court concluded that Rondon's claims were barred by the applicable statute of limitations and granted summary judgment in favor of Defendants. Rondon filed a timely appeal.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We review a District Court's grant of summary judgment de novo. *Pennsylvania Coal Ass'n v. Babbitt,* 63 F.3d 231, 236 (3d Cir.1995). Summary judgment is proper only if it appears "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *Carrasca v. Pomeroy,* 313 F.3d 828, 832–33 (3d Cir.2002). If a motion for summary judgment demonstrates that no genuine issue of material fact exists, the nonmoving party must set forth specific facts showing a genuine material issue for trial and may not rest upon the mere allegations or denials of its pleadings. *Connors v. Fawn Mining Corp.,* 30 F.3d 483, 489 (3d Cir.1994).

 We agree with the District Court's analysis regarding the timeliness of Rondon's claims. While 42 U.S.C. § 1983 does not set forth a limitations period, "federal courts must look to the statute of limitations governing analogous state causes of actions." *Urrutia v. Harrisburg County Police Dep't,* 91 F.3d 451, 457 n. 9 (3d Cir.1996). Here, as the District Court noted, the applicable statute of limitations is that governing personal injury claims in New Jersey. *See Wallace v. Kato,* 549 U.S. 384, 387, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007). Therefore, Rondon had two years from the time his cause of action accrued in which to file his complaint. *See* N.J. Stat. Ann. § 2A:14–2. A § 1983 cause of action accrues on the date when a plaintiff knew or should have known his rights had been violated. *See Genty v. Resolution Trust Corp.,* 937 F.2d 899, 919 (3d Cir.1991). Under this rule,

"[t]he cause of action accrues even though the full extent of the injury is not then known or predictable." *Wallace,* 549 U.S. at 391, 127 S.Ct. 1091.

Rondon contracted his infection during his June 1998 to October 1998 stay at Passaic County Jail. The first time that a doctor inspected and prescribed treatment for his infection was in October 1998, when he was transferred to a different facility. Thus, he knew, or had reason to know, of the existence of an infection by October 1998 at the latest. However, Rondon did not file a complaint until July 2007, when a physician informed him at that time that he would suffer permanent scarring in the infected area.

We agree with the District Court that while that information is regrettable, it does not change the date on which Rondon's claim accrued. As the District Court appropriately summarized, "[i]n October 1998, Rondon knew that he had an infection; that the infection was allegedly caused by dirty clothes issued to him; and that Passaic County Jail had not provided him with a physical examination ... [e]ven if Rondon misjudged the severity of his injury at the time, he did have enough medical information to know that he had sustained an injury." (*See* Dist. Ct. Opinion at 6.) Accordingly, we agree with the District Court that Rondon's claims are time-barred. Summary judgment was therefore appropriate.

As Rondon's appeal presents no substantial question, we will summarily affirm. *See* Third Cir. LAR 27.4; I.O.P. 10.6.