HLD-177 (August 2010)          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2197 and 10-2320
_____

JAMES L. EVERETT,
                                        Appellant
v.

WARDEN JANINE DONATE; UN-NAMED CORRECTIONAL SUPERVISORS;
UN-NAMED CORRECTIONAL OFFICERS; UN-NAMED MEDICAL PERSONNEL;
CLASSIFICATION SPECIALIST; MR. JANESKI; GEORGE CALPIN;
NURSE THOMAS LAPINSKI; LT. BOB BROWN
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 08-01243)
District Judge:  Honorable Thomas I. Vanaskie
_____

Submitted for Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
August 31, 2010
_____

Before:  McKEE, Chief Judge, and SCIRICA and WEIS, Circuit Judges

(Opinion filed October 14, 2010)
_____

OPINION
_____

PER CURIAM.

1

While incarcerated at Lackawanna County Prison in Scranton, Pennsylvania, James Everett was assaulted by his former cellmate. Everett suffered injuries to his knee, teeth, nose, and the top of his head. He then sued the prison warden and three correctional officers ("the prison officials"), as well as prison nurse Thomas Lapinski, claiming that they violated his Eighth Amendment right to be free from cruel and unusual punishment. Specifically, Everett alleged that the prison officials knew of the cellmate's violent predilection but disregarded the serious risk of harm to Everett attendant to placing the two in the same cell. Everett also attributed fault to the prison's inmate classification system. Everett further claimed his Eighth Amendment rights were violated because Lapinski refused to provide, or provided insufficient, medical attention to the injuries inflicted by the cellmate. The District Court granted Lapinski's motion for summary judgment on March 22, 2010, and it granted the prison officials' motion for summary judgment on March 24, 2010. Everett appealed.[1]

In addition to filing an appeal from the District Court's final judgment, Everett filed in the District Court two motions for appointment of counsel, two "briefs," and a motion for a "sixty (60) day extension to employ counsel to privately represent plaintiff." On May 4, 2010, the District Court entered an order advising Everett that his case was closed and that, as a result, his motions would be dismissed. Everett separately

---

[1] This appeal was docketed at CA No. 10-2197.

appealed from this order and moved for appointment of counsel in this Court.[2]

The District Court exercised jurisdiction pursuant to 28 U.S.C. § 1331. Our jurisdiction arises pursuant to 28 U.S.C. § 1291. We exercise plenary review of a District Court's grant of summary judgment. Ye v. United States, 484 F.3d 634, 636 (3d Cir. 2007). Summary judgment is appropriate when "there is no genuine issue as to any material fact" and judgment may be granted as a matter of law. Fed. R. Civ. P. 56(c). We will summarily affirm the District Court's March 22 and March 24, 2010 orders because the related appeal presents no substantial question. See Third Circuit LAR 27.4 and I.O.P. 10.6. In addition, we will summarily affirm the District Court's May 4, 2010 order. See id.

---

[2] This appeal was docketed at CA No. 10-2320.

Assuming Everett had a serious medical need, we agree with the District Court that there is no evidence suggesting Lapinski was deliberately indifferent to that need. It is undisputed that, to alleviate the pain from Everett's injuries after the assault, Lapinski started Everett on a regimen of Tylenol and ice for his knee.[3] While Everett faults Lapinski for failing to order a knee x-ray, there is no evidence suggesting an x-ray would have been appropriate, or that Lapinski's professional judgment was unreasonable. See Farmer v. Brennan, 511 U.S. 825, 845 (1994) ("[P]rison officials who act reasonably cannot be found liable under the [Eighth Amendment]."); Durmer v. O'Carroll, 991 F.2d 64, 67 (3d Cir. 1993) ("[P]rison authorities are accorded considerable latitude in the diagnosis and treatment of prisoners.").

As to the claims against the remaining prison officials, Everett provided nothing in the District Court proceedings to demonstrate a genuine issue of material fact in this case. While we agree with Everett that he has "a right to be protected from violence inflicted by other inmates," Young v. Quinlan, 960 F.2d 351, 361 (3d Cir. 1992), superseded by statute on other grounds, Prison Litigation Reform Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321-71, as recognized in Nyhuis v. Reno, 204 F.3d 65 (3d Cir. 2000), Everett pointed to no evidence suggesting that the prison officials had actual knowledge of a substantial risk of harm to Everett from his former cellmate. See Farmer,

---

[3] Everett received assistance from other members of the prison's medical staff as well. However, only Lapinski's conduct is germane to these appeals.

4

511 U.S. at 837; Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 456 (3d Cir. 1996). And Everett does not dispute the fact that the prison officials undertook various remedial measures upon learning of the assault, which included moving his attacker to a different cell block and directing Everett to prison medical staff. Finally, Everett has not provided us with any reason to question the efficacy of the Lackawanna County Prison inmate classification system. See Tillery v. Owens, 907 F.2d 418, 426 (3d Cir. 1990) ("The Eighth Amendment does not give the court authority to impose its own 'notions of enlightened policy.'") (citation omitted).

Accordingly, we find no error in the District Court's grants of summary judgment for Lapinski and the prison officials, and will summarily affirm. We will also affirm the District Court's May 4, 2010 order because it justifiably dismissed Everett's post-judgment motions. Everett's motion for appointment of counsel on appeal is denied.