

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-16-2007

# Bartelli v. Romanowksi

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1309

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Bartelli v. Romanowksi" (2007). *2007 Decisions*. Paper 1298.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1298

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-149                                                       **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-1309
_____

KEITH BARTELLI, Appellant

v.

PAUL ROMANOWSKI; Unit Manager WAYNE COLE; DAN DOUGLAS,
Employment Officer; DONALD JONES
_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 04-cv-00909)
District Judge: Honorable Edwin M. Kosik
_____

Submitted For Possible Dismissal Due to Untimeliness or
Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
March 15, 2007

Before:   BARRY, AMBRO and FISHER,  <u>Circuit Judges</u>

(Filed:  April 16, 2007)
_____

OPINION
_____

PER CURIAM

          Keith Bartelli appeals from the District Court's dismissal of the claim

against Defendants Cole and Douglas as well as the grant of summary judgment in favor

Defendants Romanowski and Jones.  Because we conclude that Bartelli's appeal presents

no substantial question, we will summarily affirm.

I.

Bartelli is a prisoner and filed his two-count complaint against the Defendants pursuant to 42 U.S.C. § 1983 in April 2004. In the complaint, Bartelli alleged that he filed a grievance against Romanowski on March 15, 2001. Bartelli asserted that Romanowski subsequently retaliated by filing a prisoner misconduct charge against Bartelli and that Jones found him guilty of the prisoner misconduct ("Count I"). Next, Bartelli alleged that on or about March 25, 2001, Cole, Romanowski and Douglas conspired to retaliate against him by preventing him from obtaining future skilled employment positions within the prison ("Count II").

In October 2004, the District Court dismissed the claim against Cole and Douglas after screening the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). It determined that Bartelli's conspiracy claim was too vague and that he had no constitutionally protected interest in obtaining a "skilled" job within the prison. The District Court also denied Bartelli's motion to amend the complaint. In September 2005, the Magistrate Judge recommended granting summary judgment in favor of the remaining Defendants Romanowski and Jones. The Magistrate Judge stated that: (1) Bartelli's claims were time barred; (2) Bartelli failed to exhaust his administrative remedies; and (3) Bartelli failed to establish a retaliation cause of action. The District Court adopted the report and recommendation on November 18, 2005. Bartelli filed a motion for reconsideration, which the District Court denied on January 5, 2006. Bartelli executed a

2

notice of appeal on January 12, 2006.

## II.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. Initially, we find that Bartelli has timely filed a notice of appeal. As previously stated, the District Court granted summary judgment on November 18, 2005. Bartelli had ten days to file a timely motion for reconsideration. Excluding Saturdays, Sundays and the Thanksgiving holiday, Bartelli's December 3, 2005 motion for reconsideration was timely. See Fed. R. Civ. P. 6(a); see also Smith v. Evans, 853 F.2d 155, 161-62 (3d Cir. 1988)(concluding that a motion for reconsideration is deemed filed when prisoner delivers it to prison authorities). Thus, the thirty-day period for Bartelli to appeal began to run on January 5, 2006. See Fed. R. App. P. 4(a)(4)(A). Therefore, Bartelli's notice of appeal, filed in January 2006, was timely.

Our standard of review is plenary. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999)(stating standard of review over § 1915(e)(2) dismissal); McGreevy v. Stroup, 413 F.3d 359, 363 (3d Cir. 2005)(stating standard of review over an order granting summary judgment). When reviewing a complaint dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii), the court applies the same standard provided for in Federal Rule of Civil Procedure 12(b)(6). See Tourscher, 184 F.3d at 240. In deciding a motion to dismiss pursuant to Rule 12(b)(6), we accept as true all allegations of the complaint and all reasonable inferences that can be drawn therefrom. See Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 188 (3d Cir. 2006). Summary judgment is proper when,

3

viewing the evidence in the light most favorable to the non-movant, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  See Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001).  We review the denial of a motion to amend the complaint for abuse of discretion.  See Garvin v. City of Phila., 354 F.3d 215, 219 (3d Cir. 2003)(citation omitted).

III.

As previously noted, Bartelli alleged in Count II that the Defendants Cole and Douglas were involved in a conspiracy to prevent Bartelli from obtaining a skilled employment position within the prison.  However, as noted by the District Court, Bartelli had no constitutionally protected liberty or property interest to a particular job.  See Bryan v. Werner, 516 F.2d 233, 240 (3d Cir. 1975).  Thus, the District Court properly dismissed this claim as it pertained to Cole and Douglas.  Furthermore, we find that the District Court did not abuse its discretion in denying Bartelli's motion to amend the complaint.

The District Court also properly granted summary judgment in favor of Defendants Romanowski and Jones.  While 42 U.S.C. § 1983 does not contain a statute of limitations period, "federal courts must look to the statute of limitations governing analogous state causes of actions."  Urrutia v. Harrisburg County Police Dep't, 91 F.3d 451, 457 n.9 (3d Cir. 1996).  The statute of limitations on Bartelli's claims is two years. See 42 Pa. Cons. Stat. Ann. § 5524.  Furthermore, "[a] section 1983 cause of action accrues when the plaintiff knew or should have known of the injury upon which its action

4

is based." Sameric Corp. of Del. v. City of Phila., 142 F.3d 582, 599 (3d Cir. 1998)(citation omitted). Bartelli knew or should have known of his alleged injuries in March 2001. Thus, Bartelli's April 2004 complaint was filed beyond the statute of limitations. Because Bartelli's claims are time barred, we need not reach the additional issues analyzed by the Magistrate Judge and adopted by the District Court in November 2005.

IV.

In conclusion, the District Court properly dismissed the claim against Cole and Douglas and properly granted summary judgment in favor of Romanowski and Jones. Therefore, we will affirm the District Court judgment. Bartelli's motions for the appointment of counsel are denied.