

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-15-2008

# Fullman v. PA Dept Corr

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3967

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Fullman v. PA Dept Corr" (2008). *2008 Decisions.* Paper 1585.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1585

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-115                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3967
_____

ANDREW FULLMAN,
                                                Appellant

v.

PENNSYLVANIA DEPARTMENT OF CORRECTIONS; STATE CORRECTIONAL
INSTITUTION AT SMITHFIELD; J.C. BLAIR MEMORIAL HOSPITAL; DAVID
RUSSO, M.D.
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 07-cv-00079)
District Judge: Honorable James F. McClure, Jr.
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 30, 2008

Before: BARRY, CHAGARES and COWEN, <u>Circuit</u> <u>Judges</u>

Opinion filed: February 15, 2008
_____

OPINION
_____

PER CURIAM

      Andrew Fullman, a Pennsylvania resident, appeals from an order of the United

States District Court for the Middle District of Pennsylvania granting the defendants'

motion to dismiss. For the following reasons, we will dismiss Fullman's appeal.

On January 16, 2007, Fullman, proceeding pro se, filed a civil rights action under

42 U.S.C. § 1983. In an amended complaint, Fullman named four defendants: (1)

Pennsylvania Department of Corrections; (2) State Correctional Institution at Smithfield,

Huntingdon, Pennsylvania;[1] (3) J.C. Blair Memorial Hospital; and (4) David Russo, M.D.

Soon thereafter, the district court dismissed the complaint for failure to state a claim upon

which relief could be granted. See 28 U.S.C. § 1915(e)(2)(B). Specifically, the district

court held that Fullman had failed to state a claim against Dr. Russo and J.C. Blair

Hospital because neither acted under color of state law and against Pennsylvania DOC

and SCI-Smithfied because neither is a person subject to suit under § 1983.

On March 2, 2007, pursuant to a motion for reconsideration filed by Fullman, the

district court vacated, in part, its earlier decision and reinstated Fullman's Eighth

Amendment claim against Dr. Russo. Dr. Russo then filed an answer to the complaint,

reciting numerous "affirmative defenses," including failure to state a claim and statute of

limitations. He also followed with a motion for judgment on the pleadings, pursuant to

Federal Rule of Civil Procedure 12(c), maintaining that Fullman's claims were

time-barred. In an order entered on September 18, 2007, the district court granted the

---

[1] Fullman had been an inmate at SCI-Smithfield, but was released prior to filing his complaint.

motion for judgment on the pleadings and dismissed Fullman's complaint. The district court noted that Dr. Russo had provided allegedly faulty medical treatment to Fullman in 1994 and 1995 when Fullman was an inmate at SCI-Smithfield, and that Fullman's complaint was lodged long after the applicable statute of limitations had passed. Fullman filed a motion for reconsideration which the district court denied. This timely appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review of the dismissal of a complaint under Federal Rule of Civil Procedure 12(c). See Leamer v. Fauver, 288 F.3d 532, 535 (3d Cir. 2002); see also Green v. Fund Asset Mgmt., 245 F.3d 214, 220 (3d Cir. 2001). As with a Rule 12(b)(6) motion, we must "view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the non-moving party." Id. at 220. An appellant may prosecute his appeal without prepayment of the fees under 28 U.S.C. § 1915(a)(1), but we must dismiss the appeal if we determine that it "lacks an arguable basis either in law or fact." See Neitzke v. Williams, 490 U.S. 319, 325 (1989); see also 28 U.S.C. § 1915(e)(2)(B)(i).

We agree with the district court's analysis regarding the timeliness of Fullman's claims. A complaint may properly be dismissed for failure to state a claim on statute of limitations grounds if the untimeliness of the complaint is apparent on its face. See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.1 (3d Cir. 1994). While 42 U.S.C. § 1983 does not contain a statute of limitations period, "federal courts

-3-

must look to the statute of limitations governing analogous state causes of actions." Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 457 n.9 (3d Cir. 1996). Here, as the district court noted, the applicable statute of limitations was that governing personal injury claims in Pennsylvania. See Wallace v. Kato, 127 S. Ct. 1091, 1094 (2007). Therefore, Fullman had two years from the time his cause of action accrued in which to file his complaint. See 42 Pa. Const. Stat. Ann. § 5524(2). Although state law determines the limitations period, the accrual date of a § 1983 claim is solely a question of federal law. The limitations period for purposes of § 1983 claims begins to run "from the time when the plaintiff knows or has reason to know of the injury which is the basis of the section 1983 action." Genty v. Resolution Trust Corp., 937 F.2d 899, 919 (3d Cir. 1991). Here, Fullman knew, or had reason to know, of his alleged mistreatment when it occurred. The alleged conduct which serves as a basis for Fullman's claims plainly occurred in 1994 and 1995 and Fullman, in fact, filed a state court medical malpractice case in 1996 (closed in October 2004) based on this conduct. His current complaint, however, was not filed until January of 2007, and we find no basis on this record to invoke the doctrine of equitable tolling to save the complaint from dismissal for untimeliness.[2]

---

[2] Fullman's claims against the other, previously dismissed, defendants are also time-barred because he failed to show that any of these parties engaged in misconduct within two years prior to the date he commenced his current suit. Moreover, aside from the timeliness issue, it is well established that liability in a § 1983 action must be predicated upon personal involvement and not on the basis of respondeat superior. See

The district court properly dismissed Fullman's complaint pursuant to Federal Rule of Civil Procedure 12(c).  Having found no legal merit to this appeal, we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).


**/s/ Maryanne Trump Barry**
Circuit Judge

---

Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citing Parratt v. Taylor, 451 U.S. 527, 537 n.3 (1981)).  Further, to the extent that Fullman sought to impose liability on non-medical prison officers without showing that they had actual knowledge or a reason to believe that doctors were mistreating him, his claims also failed.  See Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004).