

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-20-2008

# Crawford v. Miller

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1388

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Crawford v. Miller" (2008). *2008 Decisions.* Paper 1403.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1403

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-1388

MARGARET H. CRAWFORD; WILLIAM CRAWFORD; JAMES F. MURPHY,
Appellants

v.

JEFFREY MILLER; STEPHEN KREMPASKY; JAMES BOCK;
CHARLES STASKIEWICZ; ROBERT ERDELY; KIRBY CROFT

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 05-cv-00214)
District Judge:  Honorable Yvette Kane

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 14, 2008
Before: SLOVITER, BARRY and GREENBERG, Circuit Judges

(Opinion filed: March 20, 2008)

OPINION

PER CURIAM

   Appellants Margaret Crawford, William Crawford, and James Murphy appeal pro

se from the District Court's order granting summary judgment in favor of defendants

James Bock, Kirby Croft, Robert Erdely, Jeffrey Miller, and Charles Staskiewicz.[1]  This

action under 42 U.S.C. § 1983 arose in large part out of an investigation by the

Pennsylvania State Police ("PSP") into the alleged unauthorized sale of state police

property on the internet and the actions taken by PSP officers during and after their

investigation.  We need not repeat the details of appellants' claims here as they are well-

known to the parties and are summarized in the District Court's memorandum.  For the

following reasons, we will affirm the judgment of the District Court.

We have jurisdiction over this appeal under 28 U.S.C. § 1291.  We exercise

plenary review over a district court's order of summary judgment.  See Kaucher v.

County of Bucks, 455 F.3d 418, 422 (3d Cir. 2006).  Summary judgment is proper if there

is no genuine issue as to any material fact and the moving party is entitled to judgment as

a matter of law.  Id. at 422-423.  An issue is genuine only if there is a sufficient

evidentiary basis on which a reasonable jury could find for the non-moving party, and a

factual dispute is material only if it might affect the outcome of the suit under governing

law.  Id. at 423 (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).  In

conducting our review, we view the record in the light most favorable to the non-moving

parties and draw all reasonable inferences in their favor.  Id.

On appeal, Margaret Crawford contends that the District Court erred in concluding

---

[1]  Appellants were represented by counsel before the District Court, but are appealing
pro se.  Plaintiff Larhonda Batzel is not participating in this appeal.

that her malicious prosecution claim against defendants Croft and Staskiewicz was time-barred. The applicable statute of limitations for Margaret Crawford's § 1983 claim is that governing personal injury claims in Pennsylvania. See Wallace v. Kato, --- U.S. ----, 127 S.Ct. 1091, 1094, (2007); see also Urrutia v. Harrisburg County Police Dep't, 91 F.3d 451, 457 n. 9 (3d Cir.1996). Therefore, Margaret Crawford had two years from the time her cause of action accrued in which to file her complaint. See Urrutia, 91 F.3d at 457 n. 9. The statute of limitations on malicious prosecution claims "does not begin to run until the underlying criminal proceedings are terminated in plaintiff's favor." Rose v. Bartle, 871 F.2d 331, 348 (3d Cir. 1989).

We agree with the District Court that there is no genuine issue of material fact to challenge a conclusion that the charges against Margaret Crawford were dismissed on January 28, 2003. Accordingly, Margaret Crawford was required to file her complaint no later than January 28, 2005, but failed to do so until February 1, 2005. Accordingly, the District Court properly granted summary judgment in favor of defendants Croft and Staskiewicz.

Summary judgment was also properly granted in favor of defendant Erdely with respect to William Crawford's claim that Erdely deprived him of his property (his personal computer) by damaging it and retaining it "for no just or proper reason without due process of law." Summary judgment was properly entered in favor of Erdely because, as explained by the District Court, William Crawford's response to Erdely's

3

motion for summary judgment provided no record support for his position that the computer had been damaged or improperly retained. See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986) (nonmoving party may not rest on allegations in the complaint but must "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial.") (quotation omitted). See also Berckeley Inv. Group. Ltd. v. Colkitt, 455 F.3d 195, 201 (3d Cir. 2006) ("[S]ummary judgment is essentially 'put up or shut up' time for the non-moving party: the non-moving party must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument.")

Appellant Murphy's challenge to the District Court's grant of summary judgment in favor of defendant Bock is likewise without merit. On appeal, Murphy argues for the first time that Bock violated his Fourth Amendment rights because Bock took and retained Murphy's personal property without a warrant. We decline to address this argument. See In re Tower Air, Inc., 416 F.3d 229, 242 (3d Cir. 2005). To the extent Murphy is attempting to challenge the District Court's entry of summary judgment on his Fourteenth Amendment due process claim, we conclude that summary judgment was properly entered in favor of Bock. In the District Court, Murphy argued that Bock had no authority to decide who owned the property Murphy left in his office after his suspension, and deprived Murphy of his property "without due process of law" when Bock "carried

4

away numerous items of personal property" to be used by the PSP "for museum and memorabilia collections." Even assuming arguendo that all of the disputed items left in Murphy's office in fact belonged to Murphy, and that he had a property interest implicating the due process clause, no violation of due process has occurred. Where, as here, the complained of conduct is "random and unauthorized,"[2] post-deprivation process is all that is due. Brown v. Muhlenberg, 269 F.3d 205 (3d Cir. 2001). The Commonwealth of Pennsylvania provides an adequate post-deprivation process for Murphy: the judicial remedy of a civil action for conversion. Further, the parties do not dispute that PSP's Internal Affairs Division has already investigated a complaint brought by Murphy against Bock concerning the loss of or damage to Murphy's personal property. Under these circumstances, we conclude that summary judgment was properly entered against Murphy on his due process claim.[3]

Finally, the District Court properly entered summary judgment in favor of defendant Miller. Murphy failed to demonstrate that Miller was personally involved with the alleged taking of, and damage to, his property. See Rode v. Dellarciprete, 845 F.2d

---

[2] We conclude that Bock's actions were "random and unauthorized" as a matter of law because Murphy's opposition to the summary judgment motion failed to point to any evidence in the record that highly placed PSP employees "condoned and ratified" the alleged stealing and retention of his PSP memorabilia. Indeed, as stated by the District Court, Murphy attested that he had no "hard fact evidence" to support his suspicion that Bock was improperly motivated to take his memorabilia for use in a PSP collection.

[3] Because we conclude that Murphy failed to show that Bock deprived him of a constitutional right, we need not reach the question of whether Bock would be entitled to qualified immunity. Kaucher, 455 F.3d at 423 n. 2.

1195, 1207 (3d Cir. 1998).

For the foregoing reasons, we will affirm.