

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-12-2009

# Smith v. Lycoming County

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3634

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Smith v. Lycoming County" (2009). *2009 Decisions.* Paper 1189.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1189

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-65                                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-3634

STEVEN SMITH,

Appellant

v.

THE MUNICIPALITY OF LYCOMING COUNTY; LYCOMING COUNTY PRISON
BOARD AND ITS OFFICERS AND MEMBERS; PRISON WARDEN DAVID
DESMOND; DR. WILLIAM KEENAN, Prison Physician; DR. JEFFREY
VERZELLA, Prison Physician; DR. MARK SCHILDT, Prison Physician;
DR. TIMOTHY HEILMAN, Prison Physician; DR. SUSAN MOWATT, Prison
Physician; DR. VICTOR HUANG, Prison Physician; CATHERINE LYNCH,
Prison Nurse; KIM POORMAN Prison Nurse; UNIDENTIFIED PHYSICIANS
OF ATTENDANCE JOHN AND JANE DOES

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 05-cv-01729)
District Judge:  Honorable Christopher C. Conner

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 6, 2007

Before: AMBRO, FUENTES and JORDAN, <u>Circuit Judges</u>

(Opinion filed:  June 12, 2009)

OPINION

PER CURIAM

Steven Smith, a state prisoner, suffers from a host of maladies, including hepatitis, variants of the herpes virus, genital warts, a compromised immune system because of the removal of his spleen, and lingering complications from the bowel obstruction surgery he required after he swallowed the handles of two plastic spoons. He sued the municipality of Lycoming County, the Lycoming County Prison Board (and its officers and members), the prison warden, six prison doctors, and two prison nurses, mostly claiming violations of the Eighth Amendment's prohibition against cruel and unusual punishment.[1]

Defendants Lycoming County, Lycoming County Prison Board, the warden, and Nurses Lynch and Portman filed a joint motion to dismiss the complaint. The District Court granted the motion in part and denied it in part. Specifically, the District Court held that any claims against those defendants arising before August 16, 2003, were barred by the statute of limitations. The District Court also dismissed the complaint against Lycoming County because Smith had not alleged that the municipality had caused any constitutional violation under Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978). Concluding that Smith's dissatisfaction with the grievance procedure did not rise to the level of a constitutional violation, and that Smith could not impose liability for inadequate care on the non-medical defendants, the District Court also dismissed the complaint against the Prison Board and the warden. The District Court denied the motion as to the

_____

[1]As the parties are familiar with the facts of this case, we will not discuss them in detail. We will, however, refer to them as they become relevant to our analysis.

2

nurse defendants.

The six doctor defendants also moved to dismiss the complaint, but, as they relied on information outside the pleadings, the District Court converted the motion to a motion for summary judgment and allowed the parties time to submit additional argument and documentation. Ultimately, the District Court granted the motion for summary judgment. The District Court rejected Smith's arguments for tolling and held that the statute of limitations barred all claims against doctors before September 25, 2003. The District Court concluded that Smith did not show that three of the doctors were personally involved in any of the alleged wrongs or that the other three doctors were deliberately indifferent to his serious medical needs.

The two nurse defendants filed a joint motion for summary judgment, and Smith filed a cross motion for summary judgment. The District Court granted the former and denied the latter. The District Court ruled that Smith had not shown that the prison nurses had harassed him. The District Court also concluded that Nurse Lynch had not been deliberately indifferent when she stopped one of his medications or otherwise.

Smith appeals the judgment entered in favor of all the defendants. As Smith does on appeal, Smith twice sought the appointment of counsel in the District Court. (The District Court denied both requests.[2])

_____

[2]It is not clear whether Smith takes issue with the District Court's orders denying his motions for appointment of counsel, although he does move for appointment of counsel on appeal. In any event, the District Court did not abuse its discretion in denying counsel to Smith. See Tabron v. Grace, 6 F.3d 147, 155-57 (3d Cir. 1993). Some of Smith's

3

We have jurisdiction pursuant to 28 U.S.C. § 1291.  We will summarily affirm the District Court because no substantial issue is presented on appeal.  See L.A.R. 27.4; I.O.P. 10.6.

First, the District Court properly limited Smith's claims to those occurring in the two years before he filed his complaint.  A two-year statute of limitations governs the claims Smith brought pursuant to 42 U.S.C. § 1983.  See Urrutia v. Harrisburg County Police Dep't, 91 F.3d 451, 457 n.9 (3d Cir. 1996).  A § 1983 claim accrues when the plaintiff knows, or has reason to know, of the injury on which the claim is based. See Montgomery v. DeSimone, 159 F.3d 120, 126 (3d Cir. 1998).  Smith knew, or had reason to know, of his alleged mistreatment when it occurred.  Despite his arguments to the contrary, he was not entitled to have the statute of limitations tolled based on his status as an incarcerated person, an allegation that some of the defendants would not divulge their names, or his inaccurate contention that he was subject to a continuing wrong.  See Lake v. Arnold, 232 F.3d 360, 370 n. 9 (3d Cir. 2000).

Second, the District Court properly entered judgment in favor of Lycoming County and Doctors Verzella, Mowatt, and Heilmann because Smith did not implicate them as personally involved in his treatment or alleged mistreatment.  See City of Canton v.

---

allegations may have appeared to have some merit at the outset, a factor that weighs in favor of appointing counsel.  However, Smith showed himself to be able to articulate his claims and to respond to the defendants' motions.  Furthermore, Smith's case relied on the retelling of events that happened in his presence; he did not need to engage in an extensive investigation or to obtain an expert witness.

Harris, 489 U.S. 378, 385 (1989); Rode v. Dellaciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).

The District Court's entry of judgment in favor of the warden of the prison and the Lycoming County prison board (and its officers and members) was also proper. To the extent that Smith based his claims against these defendants on his dissatisfaction with the grievance procedure, his claims failed because he does not have a constitutionally protected right to a grievance procedure. See McGuire v. Forr, No. 94-6884, 1996 U.S. Dist. LEXIS 3418, *2 (E.D. Pa. Mar. 21, 1996), aff'd 101 F.3d 691 (3d Cir. 1996). To the extent that Smith, under the care of prison doctors, sought to impose liability on non-medical prison officers without showing that they had actual knowledge or a reason to believe that doctors were mistreating him, his claims also failed. See Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004).

The District Court properly entered judgment in favor of the remaining defendants (three doctors and two nurses) and against Smith on the remaining claims of harassment and Eighth Amendment violations. Mere verbal harassment or abuse, like a comment about the thickness of Smith's medical file or a question about the validity of one of Smith's medical complaints, is not a civil rights violation. See Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987).

To show that the prison medical personnel violated the Eighth Amendment's prohibition on cruel and unusual punishment, Smith had to show that they acted with

5

deliberate indifference to his serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 104 (1976); Durmer v. O'Carroll, 991 F.2d 64, 67 (3d Cir. 1993). Mere negligence or mere disagreement about the course of proper medical treatment does not constitute an Eighth Amendment violation. See White v. Napoleon, 897 F.2d 103, 108 (3d Cir. 1990); Monmouth County Corr. Inst. Inmates v. Lensario, 834 F.2d 326, 346 (3d Cir. 1987).

Based on Smith's allegations in his complaint, prison doctors and nurses regularly examined him at Lycoming prison. Smith's medical records revealed that he frequently and promptly received medical attention when he requested it. For instance, on October 6, 2003, he submitted a sick call request because of dandruff, headaches, and skin lesions. Although the doctor on call noted Smith's frequent demands for inappropriate antibiotic use, Smith was seen on the next clinic day and prescribed dandruff shampoo. Also, on October 30, 2003, Smith complained of a herpes outbreak. That same day, a prison doctor issued him a prescription to treat his condition. The nurses and doctors addressed Smith's other complaints and, when necessary, referred him to a specialist or sent him to the hospital for care. Once, a doctor may have stopped one of Smith's medications prematurely because of an administrative mix-up when he transferred to Lycoming prison. However, the doctor was not deliberately indifferent to a serious medical need; on Smith's request, the doctor reevaluated Smith's need for the prescription but decided it was unnecessary. The nurses who did not administer the prescription were following doctor's orders, as they must. Essentially, as the District Court concluded, Smith just

disagreed with the course of treatment he received. Smith's rights under the Eighth Amendment were not violated.

For the foregoing reasons, the District Court properly entered judgment in favor of the defendants and against Smith. Accordingly, we will affirm the District Court's judgment. We deny Smith's motion for appointment of counsel.