OPINION
PER CURIAM.
Bruce Murray appeals from an order of the District Court dismissing his amended complaint. For the reasons set forth below, we will summarily affirm. See I.O.P. 10.6.
I.
In May 2009, Murray, a pro se prisoner, filed a civil action pursuant to 42 U.S.C. § 1983 against David DiGuglielmo (“DiGu-glielmo”), Superintendent at the State Correctional Institution at Graterford (“SCI Graterford”); Mary Canino (“Canino”), Hearing Examiner; Captain Thomas Doh-man (“Dohman”); and Lieutenant John Moyer (“Moyer”). Murray alleged that Dohman and Moyer violated his constitutional rights on December 6, 2006, when they cited him for possession of drugs, possession of contraband, unauthorized use of the mail, and lying to employees. Murray claimed that Canino later violated his constitutional rights when she found him guilty of the misconduct without any supporting evidence and sanctioned him to 360 days in the Restricted Housing Unit. Lastly, he claimed that he was transferred from SCI Graterford to another facility on *852 April 2, 2007, in retaliation for filing grievances over his medical care.
On June 9, 2009, the Defendants moved to dismiss Murray’s complaint on the basis that his claims were untimely, and thus, barred by the applicable statute of limitations. Because Murray indicated in his response to Defendants’ motion to dismiss that some of the underlying events may have occurred within the statute of limitations, the District Court permitted Murray to amend his complaint to include “all allegations and the facts supporting them.” Murray filed an amended complaint on July 27, 2009, and the Defendants again moved to dismiss it. After thoroughly reviewing the amended complaint, the District Court dismissed it pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief could be granted. Even construing the amended complaint liberally, the District Court concluded that the claims were untimely.[1] Murray appeals that determination.
II.
We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. When reviewing a complaint dismissed under § 1915, this Court applies the same standard provided for in Federal Rule of Civil Procedure 12(b)(6). See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999). In determining whether a district court properly dismissed a complaint under Rule 12(b)(6), this Court must “accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.” Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir.2008). “To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to ‘state a claim to relief that is plausible on its face.’ ” Ashcroft v. Iqbal, - U.S. -, -, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).
We agree with the District Court’s analysis regarding the timeliness of Murray’s claims. A complaint may properly be dismissed for failure to state a claim on statute of limitations grounds if the untimeliness of the complaint is apparent on its face. See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 1 (3d Cir.1994). While 42 U.S.C. § 1983 does not set forth a limitations period, “federal courts must look to the statute of limitations governing analogous state causes of actions.” Urrutia v. Harrisburg County Police Dep’t, 91 F.3d 451, 457 n. 9 (3d Cir.1996). Here, as the District Court noted, the applicable statute of limitations is that governing personal injury claims in Pennsylvania. See Wallace v. Kato, 549 U.S. 384, 387, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007). Therefore, Murray had two years from the time his cause of action accrued in which to file his complaint. See 42 Pa. Cons.Stat. Ann. § 5524(2). A § 1983 cause of action accrues on the date when a plaintiff knew or should have known his rights had been violated. See Genty v. Resolution Trust Corp., 937 F.2d 899, 919 (3d Cir.1991).
Here, Murray knew, or had reason to know, of his alleged mistreatment when it occurred. Murray’s claims against the Defendants arose between December 5, 2006, and April 2, 2007. However, he did not file a complaint until May 18, 2009. Accordingly, Murray’s claims are untimely and the District Court properly dismissed *853 his amended complaint on that basis. The District Court also properly dismissed Murray’s motion for relief from judgment under Fed.R.Civ.P. 60(b).
As Murray’s appeal presents no substantial question, we will summarily affirm. See Third Cir. LAR 27.4; I.O.P. 10.6. Murray’s motion for appointment of counsel is denied. Murray’s motion and amended motion for “Production of Documents, Etc. Under Rule 34(a)” are also denied.

. Murray also appeals from an order of the District Court denying his motion for relief from judgment under Fed.R.Civ.P. 60(b).